UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEIRDRE MYERS AND KENYA MYERS,

                              Plaintiffs,                           **FIRST AMENDED**
                                                                                 **COMPLAINT**

              -against-                                          Jury Demand

                                                                                 13 CV 1006 (PGG)

THOMAS MOORE, CHARLES HAVEN,
STEVEN CARABALLO,

                              Defendants.
------------------------------------------------------------x

        Plaintiffs DEIRDRE MYERS AND KENYA MYERS (hereinafter "Plaintiff" or "Plaintiffs") by and through their attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees.

### JURISDICTION

2.     The action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiffs are law-abiding citizens who have never been arrested for any crimes in the past.  Plaintiff Deirdre Myers is a single mother who at the time of the incident resided with her 95 year-old grandmother, and daughter (Kenya Myers). The minor Plaintiff Kenya Myers was a 15 year-old student attending a local high school at the time of the incident.

7.      Both plaintiffs are African-American and reside within the confines of the 44th precinct.

8.      Defendants Moore, Haren and Carabello are members of the NYPD who participated in the arrest and seizure of both plaintiffs.  They are sued in their individual and official capacities and because they acted under the color of state law.

## FACTS

9.      On July 15, 2010, at about 9:25 p.m., the plaintiffs were sitting on the front stoop of the building they lived in on Jessup Place in the Bronx.

10.     The building was on a normally quiet residential block composed of apartment houses. Suddenly, a car (hereinafter "subject vehicle") came racing up the block going the wrong way on a one-way street.

11. The subject vehicle came to an abrupt stop at the curb near the two plaintiffs, and defendant Moore jumped out and began to run away from it, leaving the driver's side door which was located next to the curb, wide open.

12. Almost simultaneously, other dark colored automobiles pulled up and Defendants Haren and Caraballo got out from the cars and began chasing defendant Moore.

13. The pursuing defendants were yelling "Stop, Police".

14. As the pursuing defendants ran after Moore, the minor plaintiff, Kenya Myers got off the stoop, and walked over to the open door of the subject vehicle.

15. The minor plaintiff observed what appeared to be cash and cigarettes lying on the front seat. She called to her mother, plaintiff, Deirdre Myers, who then got off the stoop and walked over to her daughter.

16. Although the minor plaintiff Kenya Myers intended to reach into the subject car and bring the items to the nearest precinct, she never had an opportunity to do so.

17. Neither plaintiffs had taken anything from the subject vehicle, but as they peered into the apparently abandoned automobile (the subject vehicle), they were ordered to "stop and get down on the fucking ground" by the individual defendants with guns drawn and aimed at them.

18. The defendants, who had theretofore been unnoticed, had approached the plaintiffs from their sides and rear.

19. Plaintiffs were then handcuffed, patted down, and held in custody on the sidewalk in front of their home for some time.

3

20. The plaintiffs were held there in full view of their horrified neighbors including plaintiff Deirdre Meyers' 95 year-old grand-mother, who kept asking the police why they would not release her granddaughter and her great granddaughter.

21. Plaintiff Deirdre Myers was confined to a cell in the 44th precinct for several hours after which she was transported to Central Booking and then to Court.

22. Deirdre Myers spent two days in custody before she was brought before a judge who released her on her own recognizance.

23. It was only upon being arraigned that Plaintiff Deirdre Myers was informed that she had been charged with petit larceny. Even though neither plaintiff came in possession of the property inside the vehicle, Defendants ignored laws that allow individuals to return lost or abandoned property within a certain period of time.

30. The minor plaintiff, Kenya Meyers, had been released from the precinct upon the fact of her only being fifteen years of age verified.

31. Before being released, then minor plaintiff Kenya Myers had been in handcuffs and inside a cell for several hours.

32. Over the next two years plaintiff, Deirdre Myers, who had been ridiculed by her neighbors and friends and subjected to embarrassment, had to appear in court on many occasions. On each occasions she was offered opportunities to plead guilty under various different and enticing scenarios.

33. She was progressively offered probation, a fine, a B misdemeanor, and finally a violation if she would plead guilty.

34. Plaintiff refused all offers and was only vindicated when a judge dismissed all charges.

4

35. In its decision dismissing the complaint, the court opined "…the police went through elaborate lengths to contrive this scenario to lure, bait and trap a law abiding person into taking property."

36. Charges against plaintiff were dismissed on January 24, 2013.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Unlawful Seizure under the 4th Amendment)

37. Both plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. There was no probable cause for the arrest, unlawful seizure or the continued incarceration of plaintiff Kenya Myers.

39. When the pursuing defendants pulled out their weapons and threatened to shoot plaintiff if they did not get on the ground, plaintiff was unlawfully seized.

40. As such these Defendants' actions resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

41. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure were violated and she sustained physical and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution)

42. Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants knew that by filing false charges against Plaintiff Deirdre would very likely be held in custody, have to endure numerous court appearances, and the expense of hiring an attorney and despite such belief, the Defendants fabricated evidence that plaintiffs were engaged in criminal activity.

44.     Due to Defendants' actions, Plaintiff Deirdre Myers was deprived of life and liberty interest for over two and a half years.

45.     Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against both Plaintiffs, failed to drop them, or inform the District Attorney's office of the falsity of the charges and instead pursued the charges knowing full well that the charges were not only false but trumped up, and fabricated by the defendants.

46.     Defendants also refused to appear for Court to pursue the "false" charge against plaintiff.

47.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and she was subjected to violation of her state and federal rights.

**WHEREFORE**, Plaintiffs demand judgment and pray for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for each of the Plaintiffs named therein against Defendants (individually or collectively) or as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.


Dated: New York, New York
October 29, 2015

                                      Robert Blossner, Esq.
                                      20 Vesey Street, Suite 1210
                                      New York, New York 10007
                                      (212) 571-0805

                                      By: /s/ Robert Blossner
                                          Robert Blossner (RB0526)
                                         *Attorneys for Plaintiff*